UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY MCPHERSON,

Plaintiff,

v.

GAVIN NEWSOM,

Defendant.

Case No.  2:26-cv-0220-DJC-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brings this section 1983 action against California Governor Gavin Newsom.  The complaint is purposefully unintelligible and, therefore, frivolous. Accordingly, I will recommend that this action be dismissed for failure to state a claim.  I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Analysis

The complaint is unintelligible.  On the complaint form, plaintiff lists only Governor Newsom as a defendant.  ECF No. 1 at 2.  As to his claim, plaintiff has indicated that it concerns a "deed."  *Id.* at 3.  He states, "I have Reyezan az Gad an Keng; therefore the deed shall be honored immediately for meye use an benefits."  *Id.*  This is not an intelligible allegation that any defendant could be expected to understand.  The complaint continues with additional unintelligible writings and drawings of pyramids or triangles.  *Id.* at 7-11.  There are no intelligible allegations raised, and, therefore, the complaint fails to state a claim.

Given that plaintiff has not attempted to raise any cognizable claim, there does not appear to be any reason to offer him leave to amend.  He will have a final opportunity to argue why this action should proceed in any objections he chooses to file to these recommendations.

Accordingly, it is ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is RECOMMENDED that the complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable claim and as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 13, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3